UNITED NICKEL CO. *v.* NEW HOME SEWING MACHINE CO.

(*Circuit Court, S. D. New York.* July 20, 1883.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

Where it appears that defendant has been doing for seven years what plaintiff complains of, and that in 1880 he sued defendant at law in a circuit court of the United States for the infringement of the patent now sued on, and that such suit at law, after proceeding to a declaration, has been allowed by plaintiff to remain unprosecuted, and that defendant is pecuniarily responsible, a preliminary injunction will not be granted.

Motion for Preliminary Injunction.

*Dickerson & Dickerson,* for plaintiff.

*W. A. Jenner* and *Chauncey Smith,* for defendant.

BLATCHFORD, Justice. I do not deem it necessary or proper to consider, on this motion for a preliminary injunction, the merits of the controversy between the parties, for there is a sufficient ground for denying the motion in the fact that the defendant has been doing for

seven years what is now complained of, and that, in 1880, the plaintiff sued the defendant at law in the circuit court of the United States for the district of Massachusetts for the infringement of the patent now sued on, and that such suit at law, after proceeding to a declaration, has been allowed by the plaintiff to remain unprosecuted. It appears that what the defendant did before such suit at law was brought was of the same character with what it has done since. The plated articles it now has on hand for sale as parts of sewing-machines must have been plated by it since such suit at law was brought. The plaintiff does not plate, but licenses others to plate. It is shown that the defendant's license fee would be about $300 a year. That would be the amount of profits or damages to be recovered by the plaintiff. The defendant is shown to be pecuniarily responsible. Under the foregoing circumstances, there ought not to be an injunction before final hearing.